United States District Court
Southern District of Texas
**ENTERED**
February 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BROOK FOREST COMMUNITY ASSOCIATION, INC., § § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-00703 |
| § | |
| ERICH WILLIAM NORRIS, § § | |
| Defendant. § § | |

## MEMORANDUM OPINION AND ORDER

On July 9, 2018, Plaintiff Brook Forest Community Association, Inc. ("Brook Forest") sued Defendant Erich William Norris ("Norris") in Harris County Civil Court at Law No. 3. Norris removed Brook Forest's action to federal court based on federal question jurisdiction. Dkt. 1. Before the Court is Brook Forest's Motion to Remand. Dkt. 4. After reviewing the motion, the response, and the applicable law, the Court **GRANTS** the motion and **ORDERS** this case to be **REMANDED** to Harris County Civil Court at Law No. 3.

### I. BACKGROUND

Brook Forest's original petition alleges that Norris owns property in a subdivision governed by restrictive covenants, and that Norris has violated the restrictive covenants by failing "to repaint faded siding and trim, remove two window [AC] units . . . , remove mildew from the mailbox, remove the trailer that is stored in the driveway, and mow, edge and otherwise maintain the lawn on a regular basis." Brook Forest's causes of action

arise under the Texas Property Code section 202.004(b), which permits property owners' associations to initiate litigation affecting the enforcement of a restrictive covenant. Brook Forest seeks injunctive relief, compensatory damages, and foreclosure on a lien it holds against Norris's property, all pursuant to the Texas Property Code.

Norris removed based on federal question jurisdiction, asserting that the activities about which Brook Forest complains implicate constitutional liberty interests. He argues that Brook Forest's complaint raises a federal question because enforcing the restrictive covenants would deprive him of equal protection of the laws in violation of the Fourteenth Amendment and the Civil Rights Act of 1964. He argues this Court has original jurisdiction under 28 U.S.C. sections 1331, 1343(a)(3), and 1443(1).

Brook Forest argues that this Court should remand the action because Norris's removal was untimely, procedurally defective, and lacking any basis for federal subject-matter jurisdiction.

II. ANALYSIS

A defendant may remove an action from state court to federal court only if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal court jurisdiction is limited by the Constitution and federal statutes. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978) ("[T]he jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress."). Without subject-matter jurisdiction, a federal court lacks the power to adjudicate a claim. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144,

151 (5th Cir. 1998). The party invoking federal jurisdiction has the burden of establishing that federal jurisdiction exists. *Id.*

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" (federal question jurisdiction) or involve an amount in controversy exceeding $75,000, excluding costs and interest, where diversity of citizenship exists (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. Norris removed this case based on federal question jurisdiction.

Whether a claim "arises under" federal law is determined by reference to the "well-pleaded complaint." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation [or] avoidance of defenses which it is thought the defendant may interpose." *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 942 (5th Cir. 2013) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

An action can "arise under" federal law under Section 1331 in two ways: (1) the party asserts a federal cause of action, or (2) the party asserts a state cause-of-action claim that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43. "[A] right or

immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).

The Court remands this case because there is no basis for federal subject-matter jurisdiction over Brook Forest's claims. Brook Forest's original petition does not assert any federal cause of action. It asserts only state-law claims under the Texas Property Code. Resolving Brook Forest's claims will not necessarily entail the resolution of a disputed, substantial federal issue.

Norris asserts that this Court has original jurisdiction over this case pursuant to 28 U.S.C. section 1343(a)(3), which grants district courts "original jurisdiction of any civil action authorized by law to be commenced by any person . . . to redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). Brook Forest commenced this action, not Norris. Brook Forest's complaint does not seek to redress the deprivation of equal rights of citizens. Therefore, Section 1343 does not confer original jurisdiction over Brook Forest's claims.

Norris also asserts that this Court has jurisdiction pursuant to 28 U.S.C. section 1443(1), which permits a defendant to remove a civil action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). To remove a case under § 1443(1), the removing party

must show that (1) "the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality," and (2) "the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *State of Tex. V. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). Norris has not shown in his removal papers that he has been denied rights under a federal law providing for specific civil rights stated in terms of racial equality or that he cannot enforce such federal rights, if there were any, in state court. *See Varney v. Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971) (holding removal under § 1443(1) was improper because "Varney's contentions have nothing to do with racial equality").

Neither Brook Forest's state court petition nor Norris's notice of removal provides a basis for federal jurisdiction over this case. It must be remanded.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Brook Forest's Motion to Remand. Dkt. 4. Accordingly, the Court **ORDERS** this case to be **REMANDED** to Harris County Civil Court at Law No. 3. The Clerk of the Court will promptly deliver a copy of this Memorandum Opinion and Order to the County Clerk of Harris County, Texas.

SIGNED this day 19th day of February, 2020.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge